UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:  IN THE MATTER OF
S.L.C. INFANT UNDER THE AGE
OF 16

---

MARIO ALBERTO LOPEZ MORALES,

   Petitioner,

v.             Case No: 2:14-cv-88-FtM-29CM

NENCY CASTELLANOS MARTINEZ,

   Respondent.

---

**OPINION AND ORDER**

  This matter comes before the Court on respondent's Emergency Motion for Stay of the Court's June 19, 2014 Order (Doc. #36) and Motion for New Trial (Doc. #37) filed on June 30, 2014.

  Petitioner Mario Alberto Lopez Morales filed a Verified Petition for Return of Child to the Republic of Mexico on February 14, 2014.  The Court ordered expedited pretrial proceedings and conducted a bench trial on June 16, 2014.  The Court granted the petition on June 19, 2014, and ordered respondent Nency Castellanos Martinez to surrender custody of the minor child to petitioner or his designee on or before noon on July 7, 2014, for return to Mexico.  (Doc. #31.)  Judgment was entered on June 20, 2014, and the case was subsequently closed.

During the pendency of this matter, respondent proceeded without the assistance of counsel. Now that judgment has been entered in petitioner's favor, respondent has enlisted the assistance of counsel. In her Emergency Motion to Stay, respondent requests that the Court enter an Order staying the surrender of the minor child for return to Mexico until respondent's motion for new trial has been considered by the Court. The Court will consider the Motion for New Trial at this time; therefore, the Emergency Motion to Stay is denied.

Rule 59 provides that "[t]he court may, on motion, grant a new trial on all or some the issues . . . after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B). The rule further provides that the court may, after a nonjury trial, "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct entry of a new judgment." Fed. R. Civ. P. 59(a)(2). "A motion for new trial in a non-jury case should be based upon manifest error of law or mistake of fact, and judgment should not be set aside except for substantial reasons." Hannover Ins. Co. v. Dolly Trans Freight, Inc., No. 6:05-cv-Orl-19DAB, 2007 WL 170788, at *2 (M.D. Fla. Jan. 18, 2007) (citing Ball v. Interoceanica Corp., 71 F.3d 73, 76 (2d Cir. 1995)).

Respondent argues that a new final hearing or the reopening of evidence would allow the Court to hear and receive evidence establishing at least one of the six exemptions to the return of the minor child, even if the Court concludes that a wrongful removal took place. After reviewing the evidence and the arguments submitted by respondent, the Court finds that there was no manifest error of law or mistake of fact. Furthermore, respondent does not get a dry run without counsel only to retry the matter with the assistance of counsel if the outcome is undesirable. The lack of understanding of the rules and procedures for trial on the part of respondent does not justify the requested relief. The Court will nevertheless address respondent's arguments.

Respondent believes that she can prove that petitioner clearly abandoned the minor child through the presentation of documentary and witness testimony demonstrating that petitioner was not providing for the minor child at the time respondent removed her from Mexico. In order to establish a wrongful removal or retention, petitioner was required to show, among other things, that he was actually exercising or would have been exercising his custody rights at the time of removal. Chafin v. Chafin, 742 F.3d 934, 938 (11th Cir. 2013). "[I]f a person has valid custody rights to a child under the law of the country of the child's habitual residence, that person cannot fail to 'exercise' those custody

rights under the Hague Convention short of acts that constitute clear and unequivocal abandonment of the child." Friedrich v. Friedrich, 78 F.3d 1060, 1065 (6th Cir. 1996).

The Court is not swayed by respondent's renewed challenge regarding petitioner's contact with the minor child. Even if the Court were to accept respondent's version of the facts, the evidence still does not suggest that petitioner clearly and unequivocally abandoned the minor child. The evidence presented at trial reveals that respondent filed a child custody case in Mexico on February 1, 2013, to which petitioner filed a countersuit seeking guardianship and custody of the child. Shortly after the countersuit was filed, respondent removed the minor child from Mexico. Because petitioner was attempting to secure custody and guardianship over the minor child at the time of removal, any arguments regarding the clear and unequivocal abandonment of the child are without merit.

Respondent also attempts to invoke the grave risk exception by arguing that the minor child has expressed fear of being returned to Mexico due to physical abuse. Even if respondent were to establish that the minor child's return to Mexico would expose her to physical or psychological harm, the Court has discretion to order the return of the child if the return would further the aims of the Hague Convention. See Miller v. Miller, 240 F.3d 392, 402 (4th Cir. 2001); England v. England, 234 F.3d 268, 270-71 (5th

Cir. 2000). Here, respondent testified that she removed the minor child from Mexico and retained her in the United States without petitioner's consent. The Hague Convention was implemented to deter this very conduct; thus, the Court finds that the return of the child furthers the aims of the Hague Convention.

Having found no manifest error of law or mistake of fact, respondent's Motion for New Trial is denied.

Accordingly, it is hereby

**ORDERED:**

1. Respondent's Emergency Motion for Stay of the Court's June 19, 2014 Order (Doc. #36) is **DENIED.**

2. Respondent's Motion for New Trial (Doc. #37) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __2nd__ day of July, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of Record